**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.:

**ANDREW L. SIMMERING**

      **Plaintiff,**
v.

**NCB MANAGEMENT SERVICES, INC., a Pennsylvania corporation**

      **Defendant**

___

**COMPLAINT AND JURY DEMAND**
___

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**VENUE**

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a registered corporation with the Colorado Secretary of State, having a registered agent at 13111 E. Briarwood Avenue, #340, Centennial, Colorado 80112.

## PARTIES

8. Plaintiff Andrew L. Simmering is a natural person who resides in the City of Windsor, County of Weld, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant NCB Management Services, Inc. (hereinafter "Defendant") is a Pennsylvania corporation operating from an address of One Allied Drive, Trevose, Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. The Defendant is registered with the Colorado Attorney General's office as a licensed debt collector, license number 989675.

## FACTUAL ALLEGATIONS

11. The Defendant is attempting to collect a debt which allegedly stems from personal, family or household debt.

12. During the past twelve months the Defendant has been in contact with the Plaintiff by way of telephone and in writing, attempting to collect on a debt allegedly owed by the Plaintiff.

13. The alleged debt stems from an account owned by HSBC Card Services, P.O. Box 5253, Carol Stream, Illinois.

14. In an effort to resolve the debt the Plaintiff began making payments of $183.00 monthly to the Defendant.

15. These payments were taken by way of automatic bank deduction from the Plaintiff's personal bank account.

16. During the course of the events between the Plaintiff and the Defendant the Plaintiff sent a demand for validation.

17. Although the Plaintiff demanded validation, the Defendant continued with their collection efforts and continued to deduct $183.00 per month from the Plaintiff's bank account.

18. The FDCPA requires that collection efforts of a debt collector cease until a disputed debt is validated, see 15 U.S.C. §1692g(b).

19. The Defendant has refused to credit the alleged account for the Plaintiff for the amounts that have been deducted and continue to demand that the Plaintiff make a payment on a balance of $3,283.00 despite having deducted $1,098.00 from the Plaintiff's personal bank account.

20. The FDCPA prohibits collecting an amount greater than the amount that is authorized by the original agreement or permitted by law, see 15 U.S.C. §1692f(1).

21. Failing to credit the amounts taken from the Plaintiff toward the alleged debt owed is a misrepresentation of the character and amount of the debt by a debt collector and as such violates the FDCPA, see 15 U.S.C. §1692e(2).

22. The Plaintiff disputes the validity of the debt and has communicated that to the debt collector Defendant.

23. The FDCPA prohibits a debt collector from unfair or unconscionable means to collect or attempt to collect a debt, see 15 U.S.C §1692f.

24. The actions of the Defendant have caused emotional and financial hardship on the Plaintiff and therefore were a violation of numerous and multiple provisions of the FDCPA.

*Respondeat Superior Liability*

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

27. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

28. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

29. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

CAUSES OF ACTION

**COUNT I.**

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

32. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

    Respectfully submitted,

    s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com
**Attorney for Plaintiff**

s/Jill Gookin
**Jill Gookin, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com
**Attorney for Plaintiff**